EMBREE-McLEAN CARRIAGE CO. V. WILLIAM LUSK.

No. 952.

**Contract of Sale—Acceptance of Order—Delivery—Rescission.**

To an agent of plaintiff defendant gave an order for a buggy on a printed form from which a stipulation that the purchaser should give a note secured by chattel mortgage had been stricken out with the consent of the agent, and an agreement inserted that defendant should give his note payable in four months. Upon receipt of the order plaintiff approved it and unconditionally shipped the buggy to defendant, notifying him of the shipment and sending a blank note containing a chattel mortgage. This note defendant refused to sign, and plaintiff thereupon wrote him that the clause stipulating for a chattel mortgage had been left in the note by mistake, and enclosed a plain note for his signature. Defendant refused also to sign the latter note or to take the buggy when unconditionally tendered, claiming that his offer had not been accepted and that the demand for a mortgage was a repudiation of it. Held, that the acceptance of the order and shipment of the buggy completed the contract, and the title to the buggy passed; that the giving of the note was a condition subsequent, and defendant was not entitled to rescind the contract.

APPEAL from the County Court of Washington. Tried below before Hon. E. P. CURRY.

*Rogers & Herbst,* for appellant.—1. The title to personal property

passes by delivery, or where delivery is tendered in accordance with the terms of the agreement, the vendor may recover the contract price.

2. Default in payment does not rescind the contract, and if the buyer fail to pay, or tender the consideration, (as in this case the buyer was to execute and deliver a promissory note payable in four months), the seller may maintain an action for contract price.

3. Delivery to the carrier in accordance with the terms of the contract and bill of lading forwarded to the purchaser, constitutes an executed contract, and the failure or refusal of the purchaser to receive the goods, and pay the contract price, or execute the consideration agreed upon, will not render the contract executory. Cleveland v. Williams, 29 Texas, 204; Owen v. Clark, 78 Texas, 547; Woods v. Half, 44 Texas, 633; Meade v. Rutledge, 11 Texas, 43.

*Searcy & Garrett*, for appellee.—1. Appellee having ordered the buggy in question from appellant's agent on certain specified terms, the act of appellant in shipping the buggy upon and demanding compliance with terms materially different from those specified in the order, showed a non-acceptance of the terms in appellee's order, and the minds of the parties never having met or agreed on the terms, there was no contract or sale.

2. When Giddings & Giddings presented the note and chattel mortgage to appellee for him to sign and he refused to execute them, but offered to give his plain note according to terms of his order, and Giddings & Giddings, acting for appellant, declined to accept his offer, there was a direct refusal of acceptance and material breach of the terms of the order on the part of appellant, and the appellee then had the right to repudiate the whole negotiation, and any subsequent offer on part of appellant to accede to the terms of the order was no excuse for their former breach and could not bind appellee. Hill v. Tucker, 1 W. & W. C. C., sec. 1225; Rohrbough v. Leopold, 68 Texas, 259; Lawson on Contracts, secs. 15, 16, 17; Crowders v. Sanders, 3 Willson C. C., sec. 461.

WILLIAMS, ASSOCIATE JUSTICE.—To an agent of appellant, appellee, at Brenham, Texas, gave an order, addressed to appellant at St. Louis, for a buggy of specified character and at a stipulated price, delivered "free on board cars" at St. Louis, on a credit of four months. The blank on which the order was written contained a stipulation that for the price appellee should give his note and a chattel mortgage on the vehicle, but appellee would not agree to this, and, with the assent of the agent, this clause was stricken out, and an agreement by appellee to give his note, payable at four months, inserted. The order contained the provision that it was subject to appellant's approval and would not be countermanded. It was forwarded to St. Louis, and in due time the buggy was delivered free on board the cars at that place, consigned to appellee at Brenham, and a bill of lading was forwarded to him entitling him unconditionally to demand and control it. At same time appellant

sent to appellee an invoice on which was printed the statement, "Terms, 4 mos., note, subject to lien expressed in note given in settlement." Appellant also in a letter requested appellee to call at bank and sign note on arrival of buggy. They also sent to a bank in Brenham a blank note, with chattel mortgage attached, to be signed by appellee, and this was presented to him for signature. He refused to sign it because it was not in compliance with the agreement, which was shown to the bankers, but the bankers stated that they had no authority to take any other instrument. Appellee thereupon, on July 6th, wrote appellant stating these facts, in substance, and stated that the buggy, when it arrived, would be subject to their order, as he would not take it on such terms. The buggy reached Brenham July 7th, and was unconditionally tendered to appellee on the 8th, and at all times since has been subject to his order. On July 8th appellant replied to appellee that the clause stipulating for a chattel mortgage had been left in the note by mistake, and enclosed a plain note for his signature. This appellee refused to sign, and has ever since refused to take the buggy or pay for it.

This suit, after the expiration of four months, was brought to recover the price of the vehicle, or, in the alternative, for damages for breach of contract. The charge of the court below instructed, in substance, that there was, under the facts, no contract for the sale of the buggy, and a verdict was accordingly returned for defendant. The contention of appellee is, first, that there was no completed contract because there was no acceptance of his offer; and, second, if there was, the act of the appellant in demanding a mortgage was a repudiation of it such as authorized appellee to treat it as at an end. We do not assent to either position. When appellant approved the order and notified appellee of the shipment of the buggy, there was an acceptance of appellee's offer, and the contract was complete, and, when it delivered the buggy in accordance with the contract, the title passed. Benjamin on Sales, 655, 656. The delivery on board cars was a delivery to appellee, especially as it was unconditional and placed the property at his disposal. The giving of the note was not contemplated in the contract as a condition precedent to the passing of title to the buggy, nor was it so treated by appellant. It was simply an act to be performed by appellee in providing for the payment after the contract for the sale was completed and executed by delivery. Though the bill head on which the invoice was written contained the language referred to, the letter which accompanied it, as well as the bill of lading, showed that the buggy was to be delivered unconditionally. While there was a request to sign the note which was sent, this was not made a condition of the delivery of the buggy, nor did it change in any way the terms of the contract which had been made. The order and its acceptance, by shipment, completed the contract, and the giving of the note was an act to be subsequently performed. Appellee had the right to the buggy, and admits that he could have gotten it without signing the note, and was not bound or required to do anything not contemplated by the contract. He did not

offer a note such as the contract called for. The mere oversight of leaving in the form of note the chattel mortgage clause was not to be treated as a repudiation by appellant of the contract, which, as we have seen, was complete, because it could not affect appellee's rights. He had the buggy and was entitled to hold it, and this appellant has never denied. The sending of the note was, at most, a mere request for appellee to do something which he was not bound to do and, as it could not and was not intended to prejudice his rights under the contract, we cannot see that it gave him a just right to rescind or repudiate it.

Without considering the assignments in detail, what is said will suffice for another trial.

*Reversed and remanded.*

Delivered November 21, 1895.