## ONEIDA KNITTING CO. v. POPULAR DRY GOODS CO. (No. 1336.)

(Court of Civil Appeals of Texas. Amarillo. April 10, 1918.)

1. SALES ⬀201(4) — DELIVERY TO CARRIER— CONTRACT.

Under a contract in which the buyer designated shipment by rail to destination, delivery by the seller to a steamship company was not delivery to the buyer, and the seller must bear loss of goods in transportation.

2. APPEAL AND ERROR ⬀1011(1)—REVIEW— CONFLICTING TESTIMONY.

In a trial before the court without a jury, where the testimony was sharply conflicting on the point at issue, the finding of the trial court will not be set aside.

Appeal from Shackelford County Court; J. A. King, Judge.

Suit by the Oneida Knitting Company against the Popular Dry Goods Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Hickman & Whitten, of Abilene, for appellant. Walter L. Morris, of Albany, for appellee.

HUFF, C. J. The Oneida Knitting Company, appellant, brought suit against T. S. McIntyre, doing business at Albany, under the name of the Popular Dry Goods Company, appellee, in the county court of Shackelford county, on an open account, itemized and verified, for the sum of $218.70; $182.25 being for certain hosiery which appellant alleged it had sold and delivered to the appellee at Philadelphia, Pa., and $36.45 being for certain salvage payments made by the appellant for and on behalf of the appellee. The appellee answered by general denial, and specially answered, in substance, that at the time the purchase was made from the salesman of appellant it was agreed and understood by and between said parties that the goods so purchased were to be shipped by rail from the point of origin to the point of destination, and that the agent of appellant guaranteed the delivery of said goods by rail at Albany, Tex., on or before September 15, 1915; that appellant failed to ship said merchandise by rail and failed and refused to deliver the merchandise by September 15th as it had agreed to do. The trial was had before the court without a jury and judgment rendered for the appellee.

The statement of facts, we believe, will not authorize the inference that appellee made a written order and noted thereon the routing for the goods. It appears that the salesman of appellant called upon appellee for an order and took the order, and that he himself wrote into the order, "Morgan, M. K. & T." This was contrary to the direction of the appellee, as it was testified by the present manager of appellee at Albany that the agreement between the salesman and ap-

pellee was that the goods should be shipped by rail from the point of origin to the point of destination, and not by water. Instead of so shipping the goods, appellant shipped them by water, via the Morgan Steamship Line, through Galveston. The ship on which the goods were transported was caught in a storm in the Gulf, and as a result was grounded out from the harbor from Galveston and the goods delayed some time and were damaged. The appellant paid certain salvage charges and advanced the same on the account of appellee, and for such salvage charges here sues the appellee. The inference is justified from the evidence that all the goods ordered did not arrive at Albany, and upon arrival of part of the goods at Albany the appellee refused to accept them, and so notified appellant.

[1] It is contended by appellant that, upon the delivery of the goods to the carrier at Philadelphia, such delivery would be a delivery to appellee. Ordinarily, this is the rule. Upon such delivery the title would vest in the consignee, and the loss or damage after such delivery would be his. Embree v. Lusk, 11 Tex. Civ. App. 493, 33 S. W. 155; Specialty Co. v. Kingsbury, 60 S. W. 1030. However, the buyer may designate the vehicle of carriage, and, when so designated, the order must be followed or there is no delivery. The evidence in this case authorized the trial court to find that the appellee designated the vehicle of carriage, and that this was agreed to by the salesman of appellant. There was therefore no delivery to appellee and the goods were at appellant's risk. Simkins on Contracts & Sales (3d Ed.) 876; Mechem on Sales, §§ 733, 736, 746; Estill v. Weaver, 19 Tex. 543; Greif v. Seligman, 82 S. W. 533; McLane v. Swernemann, 189 S. W. 282; National Novelty Import Co. v. Duncan, 182 S. W. 888; Watson v. Patrick, 174 S. W. 632; Wheelhouse v. Parr, 141 Mass. 593, 6 N. E. 787.

[2] We regard the testimony in this case as sharply conflicting on the point at issue. The appellant requests that we disregard the court's finding of facts, and, while appellant presents rather a strong argument for such action, we do not feel that we would be justified in so doing.

The judgment will be affirmed.

HALL, J., not sitting.