**EHRENBERG et al. v. GUERRERO.**
**(No. 1132.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1920.)

1. Sales ⬉201(2)—Meaning of "f. o. b." stated, and what it imports in certain contracts.

The initials "f. o. b." in mercantile contracts imply that the seller must bear the expense of conveying the goods to the place of destination and the expense of inspection at the terminal point where inspection before delivery is provided for in the sale contract, but where the term "f. o. b." is used in an executory contract of sale, in the absence of express provision for retention of title pending inspection, the term will be construed to require the seller to deliver the goods without expense to the buyer at the place and time mentioned, when title passes.

2. Sales ⬉201(7)—Title passes without inspection or acceptance in case of delivery expressed by term "f. o. b."

Where a contract of sale does not provide for delivery otherwise than expressed by the mercantile term "f. o. b.," that is, delivery by formal tender of the goods by the seller, subject to inspection or acceptance by the buyer, the property passes without inspection or acceptance; the price, quantity, and character and kind of goods being agreed upon.

3. Sales ⬉218½—Refusal to submit issue as to whether goods sold were delivered to seller's account proper.

In an action for the price of rags sold by plaintiff to defendants, it was not the province of the jury to determine whether the rags were put in a warehouse as the property of one or the other of the parties, the rags having been warehoused at the instance of defendant buyers, and title having passed, so that the refusal of the court to submit the issue as to whether the rags were delivered to the warehouse for the account of plaintiff seller was proper.

4. Sales ⬉201(4)—Delivery to agent equivalent to delivery to buyers.

An individual, who in a sales agreement was the agent of the buyers to receive the goods, was competent to receive delivery, and delivery to him was equivalent to delivery to the buyers.

5. Sales ⬉364(7)—Refusal of submission of issue at request of defendant buyers proper in view of other issue.

In an action for the price of rags sold by plaintiff to defendants, the court having suffi-

ciently submitted in the fourth issue whether the rags were stored in warehouse at the request of any of the buyers, it was not error to refuse to submit an issue as to whether defendant buyers merely suggested the rags could be stored in the warehouse to save demurrage pending inspection by defendants.

Appeal from County Court at Law, El Paso County; J. M. Deaver, Judge.

Suit by Francisco Guerrero against Theodore Ehrenberg and others. From judgment for plaintiff, defendants appeal. Affirmed.

Goldstein & Miller, of El Paso, for appellants.

Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J. This is a suit by appellee against appellants, Theodore Ehrenberg, M. Feinberg, and I. Feinberg, doing business as El Paso Iron & Metal Company, a partnership, to recover the purchase price of two carloads of rags and clippings, the value alleged to be of the contract price of $703.87.

The suit is based upon the following memorandum of agreement made and entered into by appellee and appellants:

"El Paso, Texas, January 29, 1918.

"Bought this day from Mr. Francisco Guerrero, about twenty ton (20) of old rags for the price of twenty-five dollars ($25.00) per one thousand kilos (1,000) f. o. b. Ciudad Juarez, and about six (6) ton of new clippings at the price of thirty-five dollars ($35.00) per one thousand kilos (1000) f. o. b. Ciudad Juarez. Mr. Francisco Guerrero is to pay commission to Mr. R. Garcia, and El Paso Iron and Metal Company is to pay all other expenses from Ciudad Juarez to El Paso."

The agreement contains another matter of sale and purchase between the parties and in the suit made the basis of a cross-action by appellants, but the issues presented in the cross-action having been disposed of by the court and no complaint being made to the action of the court in striking out the cross-action, the uncopied portion of the agreement has no bearing on issues presented here.

Appellee alleged that on the 28th day of March, 1918, he delivered to appellants and their agents, f. o. b. cars Ciudad Juarez, Mexico, the old and the new rags called for in the above agreement of the total agreed value of $703.87, demand for payment and refusal to pay.

Appellants defended on the ground that the goods in question had not been received or accepted by them, but were destroyed by fire before the title to said goods passed to them, and for that reason the loss of the goods fell upon appellee.

The case was tried with the aid of a jury.

The history of the circumstances leading up to the issues submitted are substantially as follows: Appellee lives in Torreon, Mexico, and, among other things, buys and sells rags. Some of the appellants live in El Paso, Tex., where the above agreement for the purchase of the rags was made. Raymundo S. Garcia, mentioned in the contract, lives in Ciudad Juarez, Mexico, just across the river from El Paso, and at the time mentioned in the contract and at all times, was a customs house broker, and, as such, acts as agent at Ciudad Juarez for appellee and appellants. Garcia received at Ciudad Juarez from appellee the cars of rags shipped by appellee from Torreon and put them in the Rosenthal warehouse. The rags remained in the warehouse from one to three days (the evidence is conflicting as to the time), when the warehouse was destroyed by fire, totally destroying the rags. On special issues submitted, the jury found:

To interrogatory No. 1: That Garcia, or some one else, stored or caused to be stored at Rosenthal's warehouse in Juarez, Mexico, the rags in controversy, at the request of one of appellants or of their agents, or employés.

Interrogatory No. 2: The number of kilos of old rags stored in Rosenthal's warehouse in Juarez were 21,246.

Interrogatory No. 3: The number of kilos of new clippings of rags stored in Rosenthal's warehouse in Juarez were 4,935.

Interrogatory No. 4: Garcia, or some one else, stored said rags in Rosenthal's warehouse in Juarez at the request of some one of the appellants or their agents or employés, pending inspection of said rags by some one of the appellants or their agents or employés, in order to save demurrage on the cars.

On the jury's findings the court rendered judgment for appellee for the sum of $703.87.

Appellant's first assignment is:

"The jury having found in answer to special issues 1 and 4, submitted by the court, that the title to the rags in question had not passed to appellants, they were not liable for the purchase price thereof."

[1, 2] We think the findings of the jury referred to in the assignment cannot have the interpretation given in the assignment. The jury did not find that the title to the goods in question had not passed to appellants. They found only that Garcia stored the goods in the warehouse at the request of appellants pending inspection by appellants, in order to save demurrage on the cars. The finding that the goods were stored in the warehouse pending inspection by appellants might have had an important bearing on the question of delivery of the goods, and therefore title to the goods at the time of their delivery, if inspection of the goods

by appellants before delivery or receipt of the goods was a part of the contract of sale, or was within the contemplation of the parties in making the sale. The initials "f. o. b." in mercantile contracts imply that the seller must bear the expenses of conveying the goods to the place of destination, and must bear the expense of inspection at the terminal point where inspection before delivery is provided for in the sale contract. But where the term "f. o. b." is used in an executory contract for the sale of goods, if there is no express provision for inspection or the retention of title, pending inspection, the mercantile term "f. o. b." used will be construed to require the seller to deliver the goods, the subject-matter of the sale, without expense to the buyer, at the place mentioned and at the time mentioned; and at the time of such delivery the title passes from the seller to the buyer. In the agreement here no inspection or other contingency for the retention of title is provided. Ciudad Juarez is the place named as the point of destination. Appellee was to pay Garcia his commission, and all other expenses were to be borne by appellants. Garcia took charge of the goods on their arrival, and at the request of appellants stored the goods in the warehouse pending inspection, in order to save demurrage on the cars. The expense of demurrage, under the contract, would fall on appellants, and in order to save such expense pending inspection if appellants desired to inspect, and pending the required fumigation, the rags were stored, and while stored were burned. Another feature of the contract recites that the goods were "bought this day," January 29, 1918. No issue is made but that the goods were in a deliverable state, that is, the rags were on the cars set apart and identified; the entire bulk of the goods were actually delivered to Garcia. The contract does not provide for a delivery other than is expressed by the mercantile term "f. o. b.," that is, delivery by formal tender of the goods by appellee, subject to inspection, or acceptance by appellants. In such cases the property passes without inspection or acceptance. The rule applicable here, as to delivery, we think, is stated in Cleveland v. Williams, 29 Tex. 209, 94 Am. Dec. 274, and in Owens v. Clark, 78 Tex. 547, 15 S. W. 101, as follows:

"By the common law, if the seller make a proposition and the buyer accept, and the goods are in the possession of the seller, and nothing remains to be done to identify them, or in any way prepare them for delivery, the sale is complete, and the property in the goods passes at once."

Here the price and the quantity and the character or kind of goods were agreed upon, the parties agree that the rags are sold by one and bought by the other, and nothing remains or is reserved to be done by either party so far as expressed in the agreement, except that appellee, at his expense, as expressed in the mercantile term "f. o. b." was to place the goods in Ciudad Juarez, instead of in Torreon.

We think the sale of the rags was complete, and the title to the rags passed from appellee to appellant when the goods reached Juarez, free on board the cars, in the absence of any limitations or reservations in the agreement, and, so far as the evidence shows, within the contemplation of the parties at the time of the agreement of sale. Specialty Furniture Co. v. Kingsbury, 60 S. W. 1030. Cases found in note on page 54, vol. 33, L. R. A. N. S. we think sustain the conclusion above expressed.

What we have said above applies to assignments 2 and 3, and they are overruled.

[3] The court was not in error, as submitted in the fourth assignment, in refusing to submit special issue No. 2, requested by appellants, which reads:

"Do you find that the rags and clippings in question were delivered to the warehouse in Juarez for the account of the plaintiff, Guerrero?"

Appellants, under this assignment, insist that the disputed point was whether the goods were delivered into the warehouse as the property of appellants or as the property of the appellee, and that the evidence on the issue required its submission. The issue sought to be submitted in the requested special charge was not raised by the pleadings, was purely collateral, and would have determined no issue suggested by the contract pleaded by either party. The pleadings by both appellee and appellants allege that the rags were to be delivered free on board the cars at Juarez. The jury found in the fourth issue submitted that the rags were put in the warehouse at the request of one of appellants. It seems to us that it was not the province of the jury to determine whether the rags were put in the warehouse as the property of one or the other of the parties. We think the jury could not determine the question of title, and especially would this be so after the goods had been taken from the cars and put in the warehouse at the instance of appellants, whatever might have been the purpose or intention of appellants in putting the goods in the warehouse. Had it been a part of the agreement that the goods should be paid for in Juarez and before taken from the cars, and appellee had required that the payment be made before the goods were taken from the cars, it might then be held that appellee, by so doing, expressed his intention to reserve the jus disponendi, and to prevent the property from passing to appellants. But such is not the case or issue presented. Grant & Co. v. Lower & Co., 3 Willson, Civ. Cas. Ct. App. § 232, page 281.

[4] The evidence does not disclose a bill of lading nor drafts attached to whatever character of shipment was made. We regard, however, under the contract, Garcia as the consignee in the shipment. He received the goods. He was the agent in the sale agreement of the appellants to receive the goods, and a delivery to him was equivalent to a delivery to the appellants. Craig et al. v. Marx & Kempner, 65 Tex. 649.

[5] The court sufficiently submitted to the jury in the fourth issue as to whether the goods were stored in the warehouse at the request of any of the appellants, and it was not error, as insisted in the fifth assignment, to refuse to submit the requested issue as to whether appellants "merely suggested that the rags in question could be stored in the warehouse to save demurrage pending inspection by defendants."

Finding no reversible error, the case is affirmed.