CENTRAL SALES CO. v. EVERYBODY'S GARAGE et al. (No. 6355.)

(Court of Civil Appeals of Texas. Austin, April 13, 1921.)

1. Sales ⬳220—Seller cannot be compelled to accept undesirable debtor by purchaser's transfer.

Where the owner of goods makes an executory contract to sell the same on credit, the purchaser cannot transfer the contract and compel the seller to accept an undesirable debtor for the purchase price of the goods.

2. Sales ⬳219(2)—Delivery to carrier passes title.

Where a seller of goods on credit delivered them to the carrier, such delivery, there being no special agreement to the contrary, was a delivery to the purchaser passing title; consequently the seller cannot complain that the buyer transferred the goods to third persons, for the purchase price might be recovered from the buyer.

Appeal from McLennan County Court; James P. Alexander, Judge.

Action by the Central Sales Company against Everybody's Garage and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Geo. W. Barcus, of Waco, for appellant.
J. D. Williamson and Allan V. McDonnell, both of Waco, for appellees.

Findings of Fact.

JENKINS, J. The appellant, whose place of business is Waco, Tex., sold to Everybody's Garage, a partnership, whose place of business was at De Leon, Tex., certain automobile accessories, and shipped the same to the garage company by express. After the delivery of the goods to the express company, but before their arrival at De Leon, the garage company sold its business and property to Maloy and Joyner, and delivered to them the goods in question. Appellant brought this suit to rescind the sale and to recover said goods.

The Shear Grocery Company, a corporation, and the Hayes Tire Company, a partnership, obtained judgment against the garage company, and sued out a writ of garnishment thereon against Maloy and Joyner. In the garnishment suit they obtained judgment against Maloy and Joyner, the garnishees, foreclosing their lien on said goods. Appellant, claiming to be the owner of said goods, sued out a writ of sequestration, and levied on said goods. The members composing the garage partnership, the Shear Grocery Company, and the members composing the Hayes Tire Company were made parties defendant to this suit.

The case was tried before the court without a jury, and judgment rendered against plaintiff, refusing to permit it to rescind the contract and recover the goods, and holding that Shear Grocery Company and Hayes Tire Company had a prior lien on said goods by reason of the garnishment proceedings.

Opinion.

[1, 2] Where the owner of goods makes an executory contract to sell the same on credit, a purchaser cannot transfer such contract and compel the seller to accept an undesirable creditor for the purchase price of the same. It is upon this principle that appellant relies in this case, but this principle is not involved in the instant case. The contract was completed, and the title passed to the garage company when the goods were delivered to the express company. Goods delivered to a common carrier for the consignee, without any special agreement to the contrary, is a delivery to the consignee. Greif v. Seligman, 82 S. W. 533; Embree Co. v. Lusk, 11 Tex. Civ. App. 493, 33 S. W. 155; Craig & Ogden v. Marx & Kempner, 65 Tex. 654; Halliday v. Hamilton, 11 Wall. 564, 20 L. Ed. 214.

The transaction did not compel appellant to accept Maloy and Joyner as its creditors for the price of the goods. Having sold and delivered the goods to the garage company, it could recover the purchase price thereof from the members of such company. It is neither alleged nor proven that the garage company made any false representations in order to obtain credit for the goods sold to them.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes