## R. E. McDONALD CO. v. GOLDBERG.
### (No. 6654.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1921. Rehearing Denied Jan. 18, 1922.)

1. Principal and agent ☞170(2)—Buyer held to have ratified order given by his clerks.

Where defendant's clerks ordered goods from plaintiff's salesman, subject to confirmation by defendant, and defendant never repudiated the purchase, but wrote plaintiff that the goods would be paid for on receipt, if they came up to the sample, and on arrival of the goods paid the freight thereon and received the goods, though he had previously notified plaintiff that they would not be received because of delay in transportation, he ratified and confirmed the acts of his clerks.

2. Sales ☞117—No cancellation because of carrier's delay in delivery of goods consigned to buyer.

Where goods sold were delivered to a carrier, consigned to the buyer, they became his property, and while delay in transportation by the carrier rendered it liable to the buyer for any damages resulting therefrom, it did not authorize the buyer to cancel the purchase of the goods.

Appeal from Maverick County Court; W. A. Bonnet, Judge.

Action by the R. E. McDonald Company against Ed. Goldberg. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Ben V. King, of Eagle Pass, for appellant. J. R. Murray, of Eagle Pass, for appellee.

FLY, C. J. This suit was instituted by appellant to recover of appellee on an itemized account for merchandise shipped to appellee of the value of $459.25. The decision of the case turned on whether appellee had confirmed the order for the goods made by his clerks. The jury found that he had not, but that he had paid certain freight on the goods amounting to $24.91. The court rendered judgment that appellant take nothing by its suit, and that appellee recover of it the amount of the freight paid by him.

[1] The evidence showed that appellee had not ordered the merchandise, nor had he authorized his clerks to order the same, but that he ratified the order, and when the goods arrived appellee paid the freight on them and stored them in Eagle Pass. The goods were ordered from a traveling salesman of appellant by clerks of appellee. The order was made on February 2, 1920, and the order was given subject to confirmation by appellee. Appellee was absent at the time, and did not return until March 10. The merchandise, consisting of shoes, was shipped by appellant on February 9 and 28, but did not arrive in Eagle Pass until June 17, 1920. On March 25, 1920, after appellee had learned from his clerks that the order had been given, and, after several statements of the accounts had been sent him by appellant, he wrote:

"I can assure you that upon receipt of your goods, and if same comes up to the sample, I will mail you check immediately."

On May 31 he wrote that he would not take the goods, because of the delay in receiving them. Nothing was written by him indicating any desire to repudiate the order made by the clerks, but, on the other hand, he fully ratified their act and agreed to pay for the shoes upon their arrival. He not only alleged, but swore, that if the goods had arrived promptly he would have accepted them. He afterwards paid the freight and received the goods, and still has them in his possession. Appellee never did repudiate the purchase by his clerks, but ratified and confirmed their acts in the premises.

[2] The only issue in this case made by the pleadings was whether the purchase was ratified by appellee, and the entire testimony shows that it was fully ratified. When the goods were shipped from Boston by appellant, consigned to appellee, they became his property, as the intention of the parties clearly indicated. The general rule, which would prevail in this case, is that the effect of a consignment of goods is to vest the property in the consignee. Summers v. Mills, 21 Tex. 77; Craig v. Marx, 65 Tex. 649;

---

Greif v. Seligman, 82 S. W. 533; Ehrenberg v. Guerrero, 225 S. W. 86; Central Sales Co. v. Everybody's Garage, 229 S. W. 880. If the goods were promptly delivered to the carrier, as the evidence indicates they were, they then became the property of appellee, and, if they were not promptly delivered, the carrier would be liable to the consignee for any damages resulting from the delay. Appellee could not cancel the purchase because of the negligence of the carrier. Appellee testified that the goods were consigned to him, and the bills of lading sent to him. The goods were his, and he should pay for them.

The judgment is reversed, and judgment here rendered that appellant recover of appellee the sum of $459.25, with 6 per cent. interest from June 17, 1920, and all costs.